## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **Ellen Fujawa, Trustee for the** )<br>**Bankruptcy Estate of Neil O'Dowd,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**Portfolio Recovery Associates, LLC, and** )<br>**Wright & Lerch, Attorneys at Law,** )<br>)<br>**Defendant.** )<br>_____)| **Case No.:1:14-cv-188** |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. Ellen Fujawa is the Trustee assigned to Neil O'Dowd's chapter 7 bankruptcy case. Mr. O'Dowd filed a chapter 7 bankruptcy on November 11, 2013. Because Ms. Fujawa is the Trustee of Neil O'Dowd's bankruptcy estate, she is bringing the action.

11. Neil O'Dowd (hereinafter "the Plaintiff" for identification purposes only) is a natural person.

12. The Plaintiff is a "consumer" as that term is defined by § 1692a.

13. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

14. The Defendant, Portfolio Recovery Associates, LLC, (hereinafter referred to as "Portfolio"), is a debt collection agency and/or debt purchaser operating from an address at 140 Corporate Blvd., Norfolk, VA .

15. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

16. The Defendant, Wright & Lerch, Attorneys at Law, (hereinafter referred to as "Wright & Lerch", together with Portfolio the "Defendants"), is a debt collection agency and/or debt purchaser operating from an address of 2001 Reed Rd., Suite 100, Fort Wayne, IN 46815.

17. The Defendant, Wright & Lerch, is a debt collection agency, but the Defendant is **NOT** licensed by the State of Indiana. *See Exhibit "2" attached hereto.*

18. The Defendants regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. The Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

20. The Defendants are debt collection agencies attempting to collect a debt from Plaintiff.

21. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

22. The debt owed by Plaintiff went into default.

23. After the debt went into default the debt was placed or otherwise transferred to the Defendants for collection.

24. The Plaintiff disputes the debt.

25. The Plaintiff requests that the Defendant cease all further communication on the debt.

26. The Defendants' collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

27. The Defendants acted at all times mentioned herein through its employee(s) and/or representative(s).

28. On March 1, 2013, the Defendant, Wright & Lerch, filed a lawsuit as the agent of Portfolio against the Plaintiff in an attempt to collect the debt at issue in this case.

29. The complaint that was filed by the Defendants states that the "outstanding balance" of the alleged debt is $1,525.33, and that the last payment was made on April 22, 2011.  *See Exhibit "3" attached hereto*.

30. Specifically, the complaint filed by the Defendants states that they, "...demand[] judgment against [Neil O'Dowd] in the sum of $1525.33, **interest, costs of this action** and all other proper relief."  (emphasis added) *See Exhibit "3" attached hereto*.

31. On April 27, 2013, the Plaintiff obtained and reviewed a copy of his Experian credit report.  *See Exhibit "4" attached hereto*.

32. The Defendant Portfolio was reporting the same alleged debt that the Defendants had filed suit against the Plaintiff to the Plaintiff's Experian credit report.  *See Exhibit "4" attached hereto*.

33. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies.  *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

34. The Experian credit report dated April 27, 2013, states that the "Recent Balance" of the alleged debt is $1,652 as of April of 2013.  *See Exhibit "4" attached hereto*.

35. The Experian credit report dated April 27, 2013, indicates that it was last reported, or updated, in April of 2013.  *See Exhibit "4" attached hereto*.

36. Additionally, the Experian credit report dated April 27, 2013, contains a "Balance History" which details the amount that the Defendant Portfolio Recovery had been reporting to Experian. *See Exhibit "4" attached hereto*.

37. The "Balance History" on the Experian credit report dated April 27, 2013, states that the balance increased from $1,699 in November 2012; to $1,711 in December 2012; $1,720 in January 2013; $1,730 in February 2013; and $1,739 in March of 2013. Inexplicably, the amount, while consistently increasing, did so an an *inconsistent* rate. *See Ehxibit "4" attached hereto*.

38. In fact, every amount in the "Balance History" is greater than the amount on the lawsuit filed on March 1, 2013. In fact, the original amount of this debt per the Experian credit report was $1,550, still greater than what the Defendants alleged in their lawsuit. *See Exhibit "4" attached hereto*.

39. On May 1, 2013, the Plaintiff filed for bankruptcy protection under Title 11, Chapter 13, of the United States Code, bankruptcy case number 13-04640-JKC-13.

40. The Plaintiff's bankruptcy petition contained a list of schedules of debts. The debt the Defendants were attempting to collect was listed on the Plaintiff's Schedule F.

41. On August 30, 2013, the Defendant Portfolio filed a Proof of Claim with the Bankruptcy Court stating that it owned the debt. The Proof of Claim is the claim form completed by the Defendant, **under oath**, and filed by the Defendant in an attempt to recover payment from the Plaintiff's payments to the Chapter 13 Trustee. *See Exhibit "5" attached hereto*.

42. The Proof of Claim, filed **under oath**, by the Defendant Portfolio, states that the "Amount of Claim as of Date Case Filed" was $1,440.94. This is considerably less than the amounts reported on the Plaintiff's credit report, in addition to the amount in the lawsuit filed against the Plaintiff. *See Exhibit "5" attached hereto.*

43. The Proof of Claim, filed **under oath**, states that the last payment date was April 22, 2011. Therefore, there is no explanation why the amount of the debt decreased between the filing of the lawsuit and the filing of the Proof of Claim. *See Exhibit "5" attached hereto*.

44. The Proof of Claim, filed **under oath**, states that the Interest Amount on the alleged debt is $0.00. *See Exhibit "5" attached hereto*.

45. The Defendants have alleged different amounts on nearly every communication with the Plaintiff, and with the Experian credit reporting agency, in their attempts to collect a debt.

46. The principal is responsible for the actions of the agents; therefore, Portfolio is responsible for the actions of Wright & Lerch in the connection with the attempts to collect this alleged debt.

47. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 47 of the complaint are realleged and incorporated herewith by references.

2. The Defendants violated the FDCPA pursuant to 15 U.S.C. §1692d, when they repeatedly changed the amount owed in their attempts to collect a debt from the Plaintiff.

3. The Defendants' acts and omissions constitute a violation of 15 U.S.C. § 1692d and § 1692e, by stating different amounts on every communication with the Plaintiff.

4. The Defendants' acts and omissions constitute a violation of 15 U.S.C. § 1692d by engaging in multiple communications with the Plaintiff in attempts to collect a debt, and stating a different amount owed by the Plaintiff in each communication.

5. The Defendants' acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f when they engaged in multiple communications with the Plaintiff in attempts to collect a debt, yet stated different amounts owed in each and every communication.

6. The Defendants misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

7. The Defendants' acts and omissions constitute a violation of 15 U.S.C. § 1692d.

8. The Defendants' acts and omissions constitute a violation of 15 U.S.C. § 1692e.

9. The Defendants' acts and omissions constitute a violation of 15 U.S.C. § 1692f.

10. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320

Email: steinkamplaw@yahoo.com